IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES CHASE, JR.           *
                             *
v.                           *       Civil Case No.  JKB-17-2556
                             *
COMMISSIONER, SOCIAL SECURITY[1]  *
                             *
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Social Security Administration's ("SSA's") dispositive motion, [ECF No. 14], and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  Plaintiff Charles Chase, Jr., who proceeds *pro se,* did not file a response to the SSA's Motion for Summary Judgment.[2]  I have considered the SSA's Motion. [ECF No. 14].  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2016).  This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I recommend that the Court grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Chase filed a claim for Supplemental Security Income ("SSI") on September 11, 2013, alleging a disability onset date of September 1, 2009.  (Tr. 149-54).  His claim was denied initially and on reconsideration.  (Tr. 65-78).  A hearing, at which Mr. Chase failed to appear but was represented by counsel, was held on July 11, 2016, before an Administrative Law Judge

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] After the SSA filed its Motion for Summary Judgment on March 19, 2018, [ECF No. 14], a Rule 12/56 letter was mailed to Mr. Chase, advising him of the potential consequences of failure to oppose the SSA's motion, on March 20, 2018.  [ECF No. 15].  Nonetheless, Mr. Chase did not file a response.

("ALJ"). (Tr. 48-54). Following the hearing, the ALJ determined that Mr. Chase was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 26-43). The Appeals Council denied Mr. Chase's request for review, (Tr. 10-15), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Chase suffered from the severe impairments of "polysubstance abuse disorder and an affective disorder." (Tr. 31). Despite these impairments, the ALJ determined that Mr. Chase retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he could perform only simple, routine tasks, with no more than occasional changes in the routine work setting. He could have only occasional contact with supervisors, coworkers, and the public.

(Tr. 35). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Chase could perform several jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 38-39).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Chase's favor at step one and determined that he had not engaged in substantial gainful activity since his application date. (Tr. 31); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments

that Mr. Chase claimed prevented him from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found that Mr. Chase's hepatitis, sciatica, back pain, shoulder pain, hypertension, and myocardial infarction were non-severe impairments, and that his coronary artery disease and anxiety were non-medically determinable impairments. (Tr. 32-33). However, after finding several of Mr. Chase's other impairments to be severe, (Tr. 31), the ALJ continued with the sequential evaluation and considered, in assessing Mr. Chase's RFC, the extent to which all of his impairments, both mental and physical, limited his ability to work. (Tr. 35-37).

At step three, the ALJ determined that Mr. Chase's severe impairments did not meet, or medically equal, the criteria of any listings. (Tr. 33-35). In particular, the ALJ considered the specific requirements of Listing 12.04 (affective disorders), and Listing 12.09 (at the time, a listing for substance abuse disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.09. Listing 12.09 required evaluation under other mental health listings, so Listing 12.04 would have been applicable. Thus, for the two mental health listings, considering Mr. Chase's polysubstance abuse, the ALJ concluded that Mr. Chase had moderate restriction in activities of daily living (which would be mild without substance abuse), moderate difficulties in social functioning (which would be mild to moderate without substance abuse), and moderate difficulties in concentration, persistence, or pace (which would be minimal without substance abuse). (Tr. 33-34). The ALJ also found no episodes of decompensation of extended duration. (Tr. 34). The ALJ supported those assessments with citations to the evidence of record. *Id.* Under the mental health listings, a claimant would need to show at least two areas of marked difficulty, or repeated episodes of decompensation, to meet the listing criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1

§§ 12.04, 12.09. Accordingly, the ALJ did not err in his conclusion that the listings were not met.

In considering Mr. Chase's RFC, the ALJ summarized his subjective complaints from his filings. (Tr. 35). The ALJ then engaged in a detailed review of Mr. Chase's medical records and testing. (Tr. 35-37). The ALJ had already analyzed Mr. Chase's alleged physical impairments at step two, and cited to medical evidence establishing that the issues were non-severe, either because they caused no more than minimal effects on his ability to work or because they did not meet the durational requirement. (Tr. 32). In the RFC assessment, then, the ALJ focused on Mr. Chase's mental impairments and found that Mr. Chase's mild bipolar disorder "would be unlikely to cause significant functional limitations on its own," given his "generally normal mental status examination results." (Tr. 36). The ALJ found that the issues Mr. Chase has with socialization and concentration are caused by his polysubstance abuse. *Id.* Even with the polysubstance abuse, Mr. Chase's overall mental symptoms remained moderate. (Tr. 36-37). The ALJ assessed and made assignments of weight to the medical opinions in the record. (Tr. 37). In particular, the ALJ considered a GAF score assessed by a social worker who examined the claimant in August, 2015. *Id.* The ALJ noted that the social worker was a non-acceptable medical source and that the assigned GAF score is inconsistent with Mr. Chase's generally normal presentation during his mental status examinations. *Id.* Accordingly, the ALJ assigned the GAF score "little weight." *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Chase's position, I am not permitted to reweigh the

4

evidence or to substitute my own judgment for that of the ALJ.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the entire record, and given the evidence outlined above, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ determined that Mr. Chase had no past relevant work.  (Tr. 38). Accordingly, the ALJ proceeded to step five, where he considered the impact of Mr. Chase's age, level of education, and RFC on his ability to adjust to new work.  (Tr. 38-39).  In doing so, the ALJ cited the VE's testimony that a person with Mr. Chase's RFC would be capable of performing the jobs of "cleaner," "shirt presser," and "photocopy machine operator."  (Tr. 38). Based on the VE's testimony, the ALJ concluded that Mr. Chase was capable of successfully adjusting to other jobs that exist in significant numbers in the national economy. *Id*.  The ALJ's reliance on the VE's testimony constitutes substantial evidence supporting his conclusion.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 14]; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from

challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: May 14, 2018　　　　　　　　　　　　　　　　／s／　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge